Filed 11/25/25  P. v. Taylor CA1/1
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ANTHONY TAYLOR,<br><br>        Defendant and Appellant. | A168306<br><br>(Del Norte County<br> Super. Ct. No. CRF 23-9077) |

Opinion following transfer from the California Supreme Court.

A jury convicted defendant Matthew Anthony Taylor of, as relevant here, felony burglary (Pen. Code, § 459).[1]  The trial court conducted a bench trial on aggravating factors and sentenced Taylor to the upper term of three years.  Taylor appealed, arguing the court prejudicially erred by imposing the upper term without submitting aggravating factors to the jury pursuant to amended section 1170, subdivision (b) (section 1170(b)).

In a prior opinion, we concluded the trial court did not err and affirmed the judgment.  The California Supreme Court granted Taylor's petition for review.  Subsequently, the high court transferred the matter back to this court, directing us to vacate our prior decision and reconsider the matter in

---

[1] Undesignated statutory references are to the Penal Code.

light of *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*). We vacate our prior decision filed on October 22, 2024. Having reconsidered the matter, we conclude that the trial court committed prejudicial error. Accordingly, we vacate the sentence and remand for a full resentencing.

## I. BACKGROUND[2]

In 2023, the People charged Taylor with felony second degree burglary (§ 459) and misdemeanor resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)). On the burglary charge, the People alleged three aggravating factors set out in California Rules of Court,[3] rule 4.421(b): the defendant's prior convictions are numerous or of increasing seriousness (rule 4.421(b)(2)); the defendant has served a prior term in prison or county jail under section 1170, subdivision (h) (rule 4.421(b)(3)); and the defendant's prior performance on probation, mandatory supervision, post release community supervision, or parole was unsatisfactory (rule 4.421(b)(5)). A jury found Taylor guilty of both charges. After the verdict was read and outside the presence of the jury, the trial court and the parties discussed how to proceed on the aggravating factors. Taylor requested a jury trial. Initially, the court agreed with him. The prosecutor objected, arguing Taylor did not have a right to a jury trial.

After a recess, the trial court and the parties continued to discuss whether a jury trial on the aggravating factors was required. Over the break, defense counsel had reviewed legal authority, including a decision sent by the prosecutor, *People v. Dunn* (2022) 81 Cal.App.5th 394 [296 Cal.Rptr.3d 512]

---

[2] We summarize only those facts necessary to resolve the sentencing issues raised on appeal.

[3] Further references to rules are to the California Rules of Court.

2

(*Dunn*), opinion ordered depublished December 11, 2024.[4]  Defense counsel stated that pursuant to section 1170, subdivision (b)(2) and (b)(3), she did not believe Taylor was entitled to a jury trial on aggravating factors "that the court can determine through certified records."  Agreeing, the prosecutor argued that the court could consider Taylor's prior convictions pursuant to section 1170(b)(3) without submitting the matter to the jury.  The prosecutor also explained that the Supreme Court had granted review in *Dunn* and the decision should not be given any weight.  To avoid proceeding on an allegation that "would be for the jury," the People dismissed the aggravating factor allegation that the defendant's prior performance on probation, mandatory supervision, post release community supervision, or parole was unsatisfactory.  Still, the court explained that it could not impose the upper term relying on the two remaining aggravating factors and indicated a jury trial was required "to be on the safe side."  As to *Dunn*, the court had "a sneaky suspicion" the Supreme Court was going to "flip what [the prosecutor was] arguing."  The prosecutor disagreed, and defense counsel reiterated that Taylor requested a jury trial.

During another recess, the trial court reviewed *Cunningham v. California* (2007) 549 U.S. 270 [127 S.Ct. 856], *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348], and *Blakely v. Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531].  The court explained that based on those decisions, as well as the language of section 1170(b)(3), it could rely on the certified records of prior convictions.  As to rule 4.421(b)(2), the court stated, "I assume you can

---

[4] In *Dunn*, *supra*, 296 Cal.Rptr.3d on page 519, the appellate court concluded, among other things, that pursuant to section 1170, subdivision (b)(3) (section 1170(b)(3)), the trial court could rely on certified records of the defendant's prior convictions to establish the aggravating factor that the defendant had numerous convictions.

probably show prior convictions that are numerous . . . . That can be done, it appears to me, by the prior record. Then—and not necessarily seriousness. That appears to me to be a factual finding." As to rule 4.421(b)(3), the court stated that whether the defendant had served a prior prison or county jail term can be shown by a certified record of conviction. The court recognized this "may be flipped by the [S]upreme [C]ourt." The court then asked counsel whether to conduct a jury trial to decide aggravating factors or proceed with a bench trial and "run that risk" of requiring a resentencing based on the Supreme Court's decision. The prosecutor confirmed the request for a bench trial. Defense counsel stated, "Obviously, there's some ambiguity, but I'm comfortable moving forward with a bench trial as well." Ultimately, the court agreed that based on the statute, conducting a bench trial was "the appropriate method."

Thereafter, the trial court conducted a bench trial on the aggravating factors. The prosecutor submitted nine certified records of prior convictions. As to rule 4.421(b)(2)—that the defendant's prior convictions are numerous or of increasing seriousness—the prosecutor limited her argument to the numerosity component. She stated that Taylor "has convictions as an adult that are numerous" and referenced his nine prior convictions. As to rule 4.421(b)(3)—that the defendant served a prior term in prison or county jail under section 1170, subdivision (h)—the prosecutor relied on Taylor's most recent conviction stemming from an incident in April 2022, where Taylor pleaded no contest to a single count of burglary and was sentenced to 16 months in county jail.

The trial court found "by proof beyond a reasonable doubt the following: That the defendant's prior convictions as an adult are numerous and do appear to be of increasing seriousness as well and that the defendant has

4

served a prior prison term, all pursuant to [r]ule 4.421(b)(2) and (b)(3)." The court relied on seven[5] certified records of prior convictions: misdemeanor petty theft in 2013; misdemeanor domestic violence[6] in 2013; a misdemeanor weapons conviction in 2016; misdemeanor vandalism in 2019; two felony second degree burglary convictions in 2021; misdemeanor petty theft and resisting arrest in 2021; and felony second degree burglary in 2022. Taylor had been sentenced to county prison for the prior burglary convictions. Based on this, the court stated, "So it does appear to be a plethora of evidence of multitude of convictions that are various. So you've met your burden in that, as well as two convictions for local county jail that meet your burden as well by proof beyond a reasonable doubt."

At the sentencing hearing the following month, the prosecutor discussed the aggravating factors, stating, "Two [aggravating factors] were found beyond a reasonable doubt relating to the defendant's criminal history, increasing seriousness, numerous convictions as well as serving a prior prison—county prison sentence." The prosecutor argued there were no factors in mitigation and requested the court impose the upper term of three years. Defense counsel did not argue that any mitigating factors existed. The trial court proceeded to discuss the aggravating factors. It found true the rule 4.421(b)(2) aggravating factor allegation, stating, "[B]ased on his record, that he does have what appears to be numerous, increasing in seriousness and, like I mentioned, the four felonies in the past four years, since 2019." As

---

[5] The prosecutor admitted nine certified records of convictions, but the trial court explained two of them were inapplicable because they were dismissals.

[6] While the trial court described this as a "misdemeanor domestic violence conviction," the record demonstrates it was a conviction for violation of a domestic violence restraining order (§ 273.6).

to rule 4.421(b)(3), the court stated, "And then he has just recently served a prior prison term as noted in that record for the same kind of violation." After discussing those two aggravating factors, the court stated that Taylor's prior performance on probation was "unsatisfactory as he continues to commit felonies upon the school," pertaining to rule 4.421(b)(5). The prosecutor clarified that the People were only proceeding on rule 4.421(b)(2) and (b)(3) and requested the court to strike any reliance on rule 4.421(b)(5). The court then stated, "So we have two circumstances in aggravation, none in mitigation. Clearly, circumstances in aggravation still outweigh mitigation." As relevant here, the court sentenced Taylor to county jail for the upper term of three years on the burglary conviction. Taylor appealed.

In October 2024, we affirmed the judgment. Agreeing with *People v. Wiley* (2023) 97 Cal.App.5th 676, we concluded that a finding of the increasing seriousness of prior convictions did not need to be made by a jury and, therefore, the trial court did not err. The Supreme Court granted Taylor's petition for review. In September 2025, the high court transferred the matter back to this court and directed us to vacate our opinion and reconsider the matter in light of *Wiley*, *supra*, 17 Cal.5th 1069. Neither party filed supplemental briefs following transfer from the Supreme Court. (See rule 8.200(b).)

## II. DISCUSSION

Taylor contends the trial court prejudicially erred in imposing the upper term without submitting the aggravating factors to the jury. Specifically, he argues that pursuant to section 1170(b), the finding that his prior convictions were of increasing seriousness needed to have been determined by the jury.

6

### A. Legal Principles and Taylor's Claim of Error

This appeal involves changes to California's determinate sentencing law. Effective January 1, 2022, section 1170(b) was amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) "to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170[, subd. ](b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Allegations of prior convictions may be tried by the court alone and proven by certified records of conviction. (§ 1170(b)(3).)" (*People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).)[7]

In *Lynch*, the California Supreme Court considered the extent to which section 1170(b) implicates the Sixth Amendment to the federal Constitution. (*Lynch*, *supra*, 16 Cal.5th at p. 746.) The court explained that under section 1170(b), "[T]he middle term is the maximum term that can be imposed unless additional factual determinations are made. It is the requirement of additional factfinding that brings the Sixth Amendment into play." (*Lynch*, at p. 759.) As explained by the United States Supreme Court in *Cunningham v. California, supra,* 549 U.S. 270, "with the exception of prior conviction allegations, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury' and 'established beyond a reasonable doubt.' " (*Lynch*, at p. 747.)

---

[7] *Lynch*, *supra*, 16 Cal.5th 730 and *Erlinger v. United States* (2024) 602 U.S. 821 [144 S.Ct. 1840] (*Erlinger*) were decided after this appeal was fully briefed. Prior to issuing our October 2024 decision, we invited the parties to submit, and both parties did submit, supplemental briefing addressing these decisions.

Rule 4.421 sets out factors a court may consider as aggravating circumstances. As relevant here, recidivism-related aggravating factors include that the "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness" (rule 4.421(b)(2)), and that the "defendant has served a prior term in prison or county jail under section 1170[, subdivision ](h)" (rule 4.421(b)(3)). In *Lynch*, the Supreme Court held that under section 1170(b), "[T]he facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires." (*Lynch*, *supra*, 16 Cal.5th at p. 757.) "Excluding properly proven prior convictions or a defense stipulation, a jury finding is now required for all facts actually relied on to impose an upper term." (*Ibid.*) If the trial court relies "on improperly proven aggravating facts to 'justify' an upper term sentence, a Sixth Amendment violation occurs." (*Id.* at p. 761.)

Following its decision in *Lynch*, the Supreme Court held in *Wiley* that under the federal Constitution, a defendant "was entitled to have a jury determine whether his prior convictions were of increasing seriousness and whether he had performed unsatisfactorily on probation, before the court could rely on those aggravating facts to find justification for an upper term sentence." (*Wiley*, *supra*, 17 Cal.5th at p. 1085.) The high court further held that pursuant to section 1170(b)(3)'s prior conviction exception, "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley*, at p. 1086, fn. omitted.) The *Wiley* decision was compelled by *Erlinger*, *supra*, 602 U.S. 821. (*Wiley*, at p. 1076.) There, the United States Supreme Court

confirmed that the federally recognized prior conviction exception is a " 'narrow exception,' " under which a "judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Erlinger*, at p. 838.) As relevant here, the inquiry into the increasing seriousness of a defendant's prior convictions "involves something more than a narrow factual finding that the convictions were sustained and what elements were required to prove them." (*Wiley*, at p. 1082.)

Here, the trial court relied on two aggravating factors in imposing the upper term sentence—Taylor's prior convictions as an adult are numerous or of increasing seriousness (rule 4.421(b)(2)), and Taylor served a prior prison or county jail term under section 1170, subdivision (h) (rule 4.421(b)(3)). As to rule 4.421(b)(2), the court found Taylor's prior convictions were both numerous and of increasing seriousness.[8] As explained in *Lynch*, "[T]he facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires." (*Lynch*, *supra*, 16 Cal.5th at p. 757.) On appeal, Taylor does not challenge the court's conclusions that his prior convictions are numerous or that he served a prior term in prison or county jail under section 1170, subdivision (h). He contends the court's finding of increasing seriousness was not properly proven pursuant to section 1170(b) because that aggravating factor was required to be submitted to a jury and, therefore, the court erred.

---

[8] We reject the People's contention that the trial court did not rely on the "increasing seriousness" component of rule 4.421(b)(2) in imposing the upper term. The record demonstrates otherwise.

9

## B. Forfeiture

The People argue Taylor forfeited his claim of error because he failed to object in the trial court.

Generally, a party's failure to raise a sentencing issue in the trial court forfeits the issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 352–353.) " ' "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." ' " (*People v. McCullough* (2013) 56 Cal.4th 589, 593.)  "Additionally, '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*Ibid.*)  " '[T]he forfeiture rule ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting the outcome, and then claiming error.' " (*People v. French* (2008) 43 Cal.4th 36, 46.)  However, "[a]n appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party." (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)  "Indeed, it has the authority to do so," and "[w]hether or not it should do so is entrusted to its discretion." (*Ibid.*)  Such discretionary review is typical when "a forfeited claim involves an important issue of constitutional law or a substantial right." (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)

Here, the forfeiture rule does not apply.  Defense counsel did not object to the trial court's decision to conduct a bench trial on the alleged aggravating factors and, ultimately, defense counsel agreed they could move forward with bench trial.  Nor did she object after the court imposed the upper term sentence.  However, the record demonstrates that the trial court and counsel addressed the issue raised here—whether a jury trial on

aggravating factors was required under section 1170(b). Defense counsel, and Taylor himself, initially requested a jury trial. During recesses, the court and counsel researched the issue. The prosecutor had an opportunity to, and did, argue that section 1170(b)(3)'s prior conviction exception to the jury trial requirement applied. (See *People v. French*, *supra*, 43 Cal.4th at p. 46.) The issue was, therefore, brought to the trial court's attention. Ultimately, the court concluded that the statute made "clear" that a bench trial was "the appropriate method." Under these circumstances, it is neither unfair nor inefficient to permit Taylor's claim of error on appeal. (See *People v. McCullough*, *supra*, 56 Cal.4th at p. 593.)

But even assuming the forfeiture rule applies, we exercise our discretion to address the issue. Where, as here, the issue on appeal implicates a constitutional right, we will not apply the rule of forfeiture.[9] (See *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 327; *People v. Williams*, *supra*, 17 Cal.4th at p. 161, fn. 6; see also *Wiley*, *supra*, 17 Cal.5th at p. 1082 [the Sixth Amendment requires a jury determination of the increasing seriousness of a defendant's prior convictions].)

### C. Jury Trial Requirement

Taylor contends the trial court erred by finding the increasing seriousness of his prior convictions component of the rule 4.421(b)(2) aggravating factor and not submitting it to the jury. After *Wiley*, the Supreme Court has made clear that, absent waiver or stipulation, the increasing seriousness of prior convictions must be found by a jury. (*Wiley*, *supra*, 17 Cal.5th at p. 1082.) Therefore, we conclude that the trial court erred.

---

[9] Based on this conclusion, we need not address Taylor's brief assertion of ineffective assistance of counsel.

## D. Prejudicial Error

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review.  (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743; *Chapman v. California* (1967) 386 U.S. 18[.)]" (*Wiley*, *supra*, 17 Cal.5th at p. 1087.)  Under that standard, a sentence must be reversed " 'unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied . . ., or that those facts were otherwise proved true in compliance with the current statute.' " (*Ibid*.)  "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Ibid*.)

Seven records of conviction submitted by the People demonstrate Taylor's criminal history as follows:  In August 2013, a misdemeanor petty theft conviction (§§ 484, subd. (a), 488); in September 2013, a misdemeanor violation of a domestic violence restraining order conviction (§ 273.6); in May 2016, a misdemeanor weapons conviction (§ 22210); in December 2019, a misdemeanor vandalism conviction (§ 594, subd. (a)(2)); in February 2021, two felony second degree burglary convictions (§§ 459, 460, subd. (b)); in March 2021, misdemeanor petty theft and resisting arrest convictions (§§ 484, subd. (a), 488, 148, subd. (a)(1)); and in June 2022, a felony second degree burglary conviction (§§ 459, 460, subd. (b)).

The People argue that any error in relying on the increasing seriousness of Taylor's prior convictions as an aggravating factor was harmless.  They assert that Taylor's criminal history progressed from misdemeanor crimes to three felony burglaries.  We note that Taylor was

12

convicted of two misdemeanors between his felony burglary convictions, so any alleged progression did not occur in a straight line. In any event, the Supreme Court rejected this argument in *Wiley*. Even if the defendant's offenses progressed from misdemeanors to felonies, "a rational juror may not have been persuaded beyond a reasonable doubt by that fact alone." (*Wiley*, *supra*, 17 Cal.5th at p. 1089.) As to the misdemeanor convictions, a jury could disagree whether, for example, a vandalism conviction is more serious than prior convictions for violating a domestic violence restraining order or weapons. Moreover, Taylor's felony convictions were for the same offense— second degree burglary—so "none is strikingly more serious than the others." (*Ibid*.) As Taylor asserts, one might regard his felony convictions as showing a pattern of repeating the same type of crime, rather than a pattern of increasing seriousness. Overall, a "jury considering this criminal history could have disagreed as to whether it demonstrated criminal conduct of increasing seriousness." (*Ibid*.) Therefore, we cannot conclude that the error was harmless beyond a reasonable doubt.

## III. DISPOSITION

The sentence is vacated and the matter is remanded to the trial court for a full resentencing. In all other respects, the judgment is affirmed.

13

                          _____

                          Langhorne Wilson, J.

WE CONCUR:


_____

Humes, P. J.


_____

Banke, J.


A168306/*People v. Taylor*